IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NAOMI DEVEREAUX, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:15-CV-233 (CAR) |
| | : | |
| THE KROGER COMPANY, | : | |
| a foreign for-profit business, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### ORDER ON PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Naomi Devereaux's Motion to Remand this premises liability case to the State Court of Bibb County.  Upon consideration of the record, the submissions of the parties, the relevant law, and the arguments of counsel, the Court finds Defendant's removal of this action was timely and properly filed pursuant to this Court's diversity jurisdiction. Thus, the Motion [Doc. 5] must be **DENIED**.

### BACKGROUND

According to the Complaint, on June 17, 2012, Plaintiff suffered personal injuries and damages after she slipped and fell in Kroger's grocery store located at 400 PioNono Avenue in Macon, Georgia. On June 13, 2014, within the two-year statute of limitations, Plaintiff filed her Complaint in the State Court of Bibb County seeking

past, present, and future medical expenses and pain and suffering as a result of Kroger's alleged negligence. In her Complaint, Plaintiff alleged she "incurred medical expenses in an amount equal to or in excess of $20,000.00."[1]

On July 22, 2014, a little over a month after filing the Complaint, Plaintiff's counsel sent defense counsel a copy of Plaintiff's medical records and bills collected to date totaling $31,452.84 and identified the ongoing nature of Plaintiff's treatment ("July 22nd Records"). After multiple stipulations to extend time, Kroger filed its Answer on March 26, 2015, and served Plaintiff with interrogatories asking Plaintiff to admit that the amount in controversy exceeded $75,000.00, and to identify all special and general damages including lost wages, medical providers and medical expenses resulting from the slip and fall.

On April 23, 2015, Plaintiff's counsel responded that "after making a reasonable inquiry" into her damages, she "can neither admit nor deny" the requests.[2] Plaintiff's itemized medical charges showed Medicaid was billed $44,678.53 for her medical treatment. Plaintiff also provided a list of medical providers, stated she was retired at the time of the accident, and objected to itemizing her special damages (collectively, the "April 23rd Discovery Responses").

On May 20, 2015, the Georgia Department of Community Health provided

---

[1] Complaint, ¶ 11 [Doc. 9-1].
[2] Plaintiff's Response to Defendant's First Requests for Admissions, ¶ 1 [Doc. 9-3].

defense counsel with a spreadsheet of Plaintiff's Medicaid claims history from which Defendant learned Plaintiff's Medicaid bills totaled $75,040.77. Twenty-six days later, on June 15, 2015, Kroger removed the case to this Court on the basis of diversity jurisdiction. On July 15, 2015, Plaintiff filed her Motion to Remand. Plaintiff does not dispute that the requirements for diversity jurisdiction in this case are met. Instead, Plaintiff argues this case must be remanded because Defendant waited too late to remove it.

## DISCUSSION

A civil action filed in a state court may be removed to a district court if the action falls within the federal courts' original jurisdiction. Federal district courts have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds the sum or value of $75,000.00[3] Plaintiff here concedes the parties are diverse, and the amount in controversy is met; thus, she does not challenge the sufficiency of removal pursuant to 28 U.S.C. § 1332. Instead, she argues remand is required because the removal is untimely under 28 U.S.C. § 1446.

Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may remove a case that was not initially removable, within 30 days of ascertaining when the case becomes removable. The statute states,

> if the case stated by the initial pleading is not removable, a notice of

---
[3] 28 U.S.C. § 1332(a)(1).

>removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[4]

A defendant must remove the case within 30 days of when he is put on notice the case is removable. A defendant may be put on notice of removal by a pleading, motion, order, or "other paper." Here, Plaintiff contends two "other papers" put Defendant on notice of removability: the July 22nd Records and Plaintiff's April 23rd Discovery Responses. The Court disagrees.

To provide notice of removability, the "other paper" "must contain an unambiguous statement that clearly establishes federal jurisdiction."[5] Despite Plaintiff's arguments to the contrary, neither the July 22nd Records nor Plaintiff's April 23rd Discovery Response unambiguously put Defendant on notice clearly establishing the amount in controversy was met in this case. The medical records and bills totalling $31,452.84 contained in the July 22, 2014 email from Plaintiff's counsel did not unambiguously put Defendant on notice that Plaintiff's injuries caused a significant amount of pain and suffering necessitating ongoing medical treatment and pain and suffering clearly establishes the amount in controversy exceeded $75,000.00. Indeed, the emergency room records showed all her x-rays were negative for any acute trauma or broken bones. Moreover, Plaintiff's diagnosis on discharge was

---

[4] 28 U.S.C. § 1446(b)(3).
[5] *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007) (citation omitted).

merely a contusion or "deep bruise"; Plaintiff's orthopedist expressed doubt over whether Plaintiff's pain was traumatic or a muscle injury that would "take care of itself";[6] and the medical records reference complications from pre-existing contradictions.

Additionally, in Plaintiff's April 23rd Discovery Responses she herself stated that "after making reasonable inquiry" she could not admit or deny that the amount in controversy exceeded $75,000.00 or that she was seeking special damages in excess of $75,000.00. Defendant may rely on Plaintiff's representation insufficient evidence existed at that time to ascertain whether the amount in controversy exceeded the $75,000.00 requirement for diversity jurisdiction. "[P]laintiff's counsel best knows the value of his client's case[.]"[7] Moreover, at that time, Plaintiff's medical expenses only totaled $44,678.53. Defendant properly and timely removed this case within 30 days of receiving the itemization on May 20, 2015, which clearly and unambiguously showed the amount in controversy exceeded $75,000.00.

## CONCLUSION

As explained above, Defendant timely removed this case within 30 days of first ascertaining the case had become removable pursuant to the Court's diversity jurisdiction. Thus, Plaintiff's Motion to Remand [Doc. 5] is **DENIED**.  The stay of

---

[6] July 22nd Records, Motion to Remand, Ex. A, pp. 24, 26, 64 [Doc. 5-1].
[7] *Burns v. Windsor, Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

5

discovery in this case is hereby LIFTED.

**SO ORDERED,** this 3rd day of November, 2015.

S/  C. Ashley Royal
C. ASHLEY ROYAL,
UNITED STATES DISTRICT COURT
